[Civ. No. 26809. First Dist., Div. Two. Aug. 26, 1970.]

BERYL R. KIMBALL, Plaintiff and Respondent, v.
VICTOR L. WHETZEL, Defendant and Appellant.

**COUNSEL**

Nagle, Vale, McDowall & Cotter and William D. McDowall for Defendant and Appellant.

James C. Purcell for Plaintiff and Respondent.

**OPINION**

**TAYLOR, J.**—The only question presented by this appeal is the propriety of an order granting plaintiff's motion for a new trial for an error of law. Plaintiff filed this action for personal injuries sustained in a collision when her vehicle was rear-ended by a vehicle driven by defendant. After the jury brought in a verdict for defendant, the court granted the motion for a new trial because it had failed to give an instruction based on Vehicle Code section 22110. Defendant argues that the order cannot be sustained as the error was not prejudicial and not objected to by plaintiff. We affirm the order granting a new trial.

The accident occurred on the afternoon of August 17, 1967, in the middle of the abnormally long 2500 block of California Avenue between

El Camino Real and Grant in Palo Alto. Plaintiff testified she was driving her 1964 Oldsmobile in the center of the three southbound lanes at a speed of about 25 miles per hour. She had been driving this vehicle since March 1967 and was familiar with its power brakes. The day was clear and bright; the traffic moderate. Defendant, in his Volkswagen station wagon, had been driving behind her at approximately the same rate of speed ever since plaintiff stopped for the signal light at the California Avenue intersection.

Plaintiff suddenly saw a bronze colored car in the right-hand lane accelerating and then cut into the center lane about 4 to 5 feet ahead of her. Plaintiff did not have time to give a hand signal but applied her brakes with medium force and estimated that she had reduced her speed to about 10 miles an hour when she was hit from behind by defendant. She had no warning of a collision prior to the sudden impact. There was a severe bump, followed by another loud noise and then a second, less forceful, bump. At the time of the second bump, plaintiff was almost at a dead stop. The first impact had pushed her car forward about 6 feet; the second, 2 or 3 feet.

Immediately after the second bump, defendant approached and asked: "What happened to the Volvo, the Volvo that smacked me into you?" Plaintiff never saw the Volvo. The damage to the front of defendant's Volkswagen was extensive and there was observable damage to the rear of plaintiff's car. Defendant's car had minor rear-end damage.

The only eyewitness, Mrs. Kuehn, testified that at the time of the collision, she was driving about 5 to 10 miles an hour in the right-hand southbound lane. She did not see the Volvo nor observe any damage to the rear of defendant's car. She did not see any car ahead change lanes as there were four to five empty car lengths ahead of her. She did not look up until she heard a very loud crash-like noise and thereafter a second noise, but not quite as loud. By that time, plaintiff's and defendant's vehicles were both stopped. She believed the second crash occurred because defendant must have stepped on the gas instead of the brakes. Defendant told her that there must have been a car behind him that pushed him into plaintiff.

Defendant testified that he was about three car lengths behind plaintiff when she suddenly stopped in front of him. Prior thereto, he had seen a car come up on his right and go faster, but did not see it cut in front of plaintiff. The first unusual thing he noticed was plaintiff's red brake lights. After plaintiff came to a sudden stop, he ran into her. Immediately thereafter, he was rear-ended by a Volvo driven by two girls. However, he first approached plaintiff and asked her: "Why did you stop so quickly?" She replied: "Didn't you see that car turn in front of me?" He replied in the negative and then went back to interrogate the girls in the Volvo, but they had backed off and disappeared. He returned to plaintiff, who said: "My husband has warned

me about these power brakes." She also indicated that she had not seen the Volvo. Defendant's Volkswagen has disk brakes and could stop within 40 feet going 25 miles an hour. He did not do so as he did not expect plaintiff to stop so suddenly.

Officer Peterson who came to investigate the accident testified that defendant had told him that plaintiff stopped suddenly in order to avoid a brown or tan Oldsmobile or Pontiac which pulled from the right lane in front of her. As defendant put on his brakes, he slid into plaintiff's car, which was almost at a dead stop, i.e., less than 5 miles per hour. After the first impact, defendant was rear-ended by a Volvo and pushed into plaintiff's car again. There were no skid marks. A car with disk brakes, like defendant's, would leave skid marks.

We turn now to the instructions here in issue. After an instruction concerning the prima facie speed limit of 35 miles per hour and the basic speed law, followed the disputed instructions, set forth in full in the footnote below.[1]

The record indicates that the quoted instructions were the court's own modification of several instructions requested by the parties. The first two paragraphs relating to Vehicle Code section 21703 were given as requested by plaintiff. In plaintiff's original request, these were followed by the words: "If you find that a party to this action violated Vehicle Code 21703, the statutes just read to you, you will then find that such violation was negligence."

The trial court, however, rearranged the sequence. After inserting defendant's instruction based on the hand or arm signals, the court gave the following modified version of plaintiff's last paragraph, which had related

---

[1] "Section 21703 of the Vehicle Code reads as follows: 'The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway.' "

The court further instructed: "No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in Chapter 6 of the Vehicle Code to the driver of any vehicle immediately to the rear when there is opportunity to give the signal."

"All signals required to be given by hand and arm shall be given from the left side of a vehicle in the following manner:

"(c) Stop or sudden decrease of speed signal—hand and arm extended downward beyond the side of the vehicle. Vehicle Code, Chapter 6, Section 211 (c)."

"If you find that a party to this action violated the statutes just read to you, you will then find that such violation was negligence. Unless you find by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law."

solely to the violation of Vehicle Code section 21703, i.e., "If you find that a party to this action violated [Vehicle Code 21703], the statutes just read to you, you will then find that such violation was negligence. *Unless you find by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.*"[2]

Thus, by eliminating the reference to section 21703 in plaintiff's proposed latter instruction and by making the instruction applicable to all of the statutes quoted in the prior instructions, including section 22111, subdivision (c), the jury was, in effect, instructed that plaintiff's failure to give a hand signal was negligence. Accordingly, the court granted plaintiff's motion for a new trial for its failure to give an additional instruction indicating that under section 22110 of the Vehicle Code, a driver can give a signal either by hand or by use of a signal lamp or mechanical device.

Plainly, the type of signal required on the afternoon of a clear day, when the accident in question occurred, was optional with the driver. Furthermore, section 22109 of the Vehicle Code requires a signal from a stopping motorist only when there is opportunity to give the signal. The uncontroverted evidence indicates that plaintiff did not give a hand signal as she did not have the time to do so, but did give the required mechanical signal. Here, defendant saw plaintiff's light signal and saw her stop, and it cannot be inferred that a hand signal would have given defendant any additional warning of plaintiff's intention to stop suddenly. Accordingly, we find no basis for an inference that a hand signal was necessary to the exercise of due care by plaintiff or that failure to give one affected or could affect the conduct of defendant and operate as a proximate cause of the accident (cf. *Sweeney* v. *Pozarelli,* 228 Cal.App.2d 585, 590-591 [39 Cal.Rptr. 601]).

The uncontroverted evidence indicates that plaintiff gave one of the signals required by applying her brakes and activating the brake lights. Defendant testified that he saw her brake lights, which never went off. Plaintiff did not have time to give an arm signal and there were no circumstances indicating that such a signal was required, in addition to the mechanical signal given. Nevertheless, the instructions, as given by the court, stated, in effect, that plaintiff's failure to give a hand signal constituted negligence.

Defendant argues that the error was not prejudicial. As this court explained in *Gillingham* v. *Greyhound Corp.,* 263 Cal.App.2d 564 at page 569 [69 Cal.Rptr. 728], the present rules on appeal from an order granting a new trial have eliminated the prior requirement of determining whether

---

[2]The matter eliminated from plaintiff's request is in brackets, and the sentence added by the court emphasized.

the error was prejudicial. As the rule is stated in *Malkasian* v. *Irwin,* 61 Cal.2d 738 [40 Cal.Rptr. 78, 394 P.2d 822], the trial court's discretion should be upheld even where the error was a minor or debatable one.

Thus, the question is not whether the failure to give the instruction was prejudicial error but whether it was sufficiently misleading so that the trial court, having seen and heard the witnesses, could find that the instructions were improper. Clearly here, with only slight evidence of contributory negligence, the jury was misled by the instruction that plaintiff's failure to give a hand signal was negligence.

Defendant argues that the error was waived by plaintiff as she failed to object to the instructions, as given. We were faced with a somewhat similar question in *Holling* v. *Chandler,* 241 Cal.App.2d 19 [50 Cal.Rptr. 219]. In *Holling,* the court erroneously admitted certain testimony and asked plaintiff's counsel to request a limiting instruction. After plaintiff failed to do so, the court granted a motion for a new trial on the ground of error of law, including the erroneously admitted evidence. On appeal, defendant argued that the error was waived by plaintiff's failure to remind the trial court to give a limiting instruction. In affirming the order granting the new trial, we said at page 25: "But the rules applicable to such a waiver, to invited error, or to estoppel, have no application when an appellate court is considering the propriety of an order granting a new trial. If the trial court had denied the new trial, such an error would be considered waived by failure to object. But the trial court has broad discretion in considering motions for a new trial. Here, the court had determined that there has been 'a miscarriage of justice,' and definitely felt a new trial was required. . . . There is no necessity of showing prejudice in such a case. In the instant case, even if the failure to give the instruction were only debatably erroneous, the trial court's discretion in granting the new trial cannot be disturbed. . . ."

Similarly here, under the circumstances, the trial court properly concluded as a matter of law that the error was compounded by its modification of plaintiff's instruction and its subsequent failure, on its own motion, to give an additional clarifying instruction based on Vehicle Code section 22110. We conclude that the order for a new trial was properly granted.

Although the order was granted on the sole ground of the court's failure to give the clarifying instruction, we deem it necessary to briefly comment on the contentions of the parties concerning the issue of contributory negligence, in order to facilitate the retrial. Plaintiff argues that there was no issue of contributory negligence and that here, as in *Sweeney, supra,* the question should not have been submitted to the jury. However, we think that the record here, unlike *Sweeney,* contains some slight evidence of con-

tributory negligence and the jury was properly instructed thereon (*Hoyt* v. *Los Angeles Met. Transit Authority,* 210 Cal.App.2d 534 [26 Cal.Rptr. 666]).

The order is affirmed.

Shoemaker, P. J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.