374 So.2d 607 (1979)
GLABVO DREDGING CONTRACTORS, etc., et al., Appellants,
v.
Sarah E. BROWN, Etc., Appellee.
No. 78-2209.
District Court of Appeal of Florida, Third District.
August 14, 1979.
*608 Corlett, Merritt, Killiam & Sikes and Gerald E. Rosser, Miami, for appellants.
Greene & Cooper and Marc Cooper, Miami, for appellee.
Before BARKDULL and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
Glabvo, a joint venture, and Great Lakes Dredge and Dock Co., a member of the joint venture, appeal a final judgment entered pursuant to a jury verdict. The judgment awarded Mrs. Brown (the widow of a deceased employee of the joint venture) damages for support and services.
A party who submits a proposed jury instruction which is adopted by the trial court and given to the jury, may not be heard to urge, on appeal, error in such instruction. Young v. Taylor, 212 So.2d 25 (Fla. 2d DCA 1968).
A jury in a maritime personal injury case is free to allow damages for loss of support and services, although not damages for pain and suffering. Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978); Ivy v. Security Barge Lines, Inc., 585 F.2d 732 (5th Cir.1978). The verdict in the instant case was within the evidence adduced by the plaintiff as to the loss sustained by the widow for support and services and, therefore, should be affirmed. Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla. 1977); Bermil Corp. v. Sawyer, 353 So.2d 579 (Fla. 3d DCA 1977).
The final judgment under review is hereby affirmed.
Affirmed.