[No. 7458–0–I.   Division One.   June 16, 1980.]

LEONE R. CERJANCE, *Appellant,* v. HAROLD KEHRES, ET AL, *Respondents.*

*Thomas R. Buchmeier, Roger A. Castelda,* and *Castelda & Eeckhoudt,* for appellant.

*David C. Sweetwood* and *Cogdill, Deno & Millikan,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

The plaintiff, Leone R. Cerjance, gave $14,000 to the defendants. The defendants are the plaintiff's daughter, Lenore Kehres, and the daughter's husband, Harold Kehres. The plaintiff then brought this suit on the basis that while the defendants now claimed the money was a gift, it had in fact been obtained from the plaintiff by "fraud, deceit, misrepresentation and undue influence."

Although the parties did not make the defendants' answer a part of the appellate record, such record as we do have indicates that the defendants counterclaimed for abuse of process and slander of title. The record likewise indicates that the defendants' answer, in addition to containing general denials, set up various affirmative defenses.

The plaintiff's pretrial request for a jury trial was denied by a judge other than the trial judge, the basis being that it was not timely made. Furthermore, many of the issues were equitable and not suitable for submission to a jury.

On the morning of the day of trial, the trial judge suggested that this might be a case where it would be appropriate to try some of the issues to a jury and reserve others for decision by the trial court. Following a discussion, both counsel agreed. Thereafter a 6–person jury was empaneled and the case was tried.

After both sides had rested, the trial court sustained the plaintiff's challenge to the sufficiency of the evidence as to the defendants' counterclaim and, in turn, denied the defendants' challenge to the sufficiency of the plaintiff's complaint.

In trying to settle jury instructions, the trial court and counsel had difficulty in deciding what theory of recovery the jury should be instructed on, the trial court noting that it was "such a mixed bag of facts and circumstances." This concluded with the judge submitting to the jury the issues of whether or not the plaintiff's transfer of property to the defendants was a gift (as the defendants claimed) or whether it was a transfer pursuant to an agreement (as the

plaintiff claimed) and, if the latter, whether or not the agreement was breached.[1] In colloquy with counsel, the trial judge stated that he was reserving for his decision the issues of estoppel, laches, the applicable statute of limitation and other affirmative defenses raised by the defendants and whether or not a constructive trust should be imposed upon the property.

The jury by its special verdict found that the transfer was not a gift, was pursuant to an agreement between the parties and the agreement had been breached by the defendants.[2]

The defendants filed a post-trial motion for a new trial or for a judgment n.o.v. Following a hearing thereon, the trial judge set aside the verdict and granted the defendants'

---

[1]The key instructions are as follows.

"The plaintiff claims to be entitled to relief from the defendants. The plaintiff claims that the funds were transferred to the defendants on the basis that the plaintiff would receive an interest in the property being purchased.

"The plaintiff claims that the defendants have breached the agreement.

"Plaintiff has the burden of proving each of the above elements by a preponderance of the evidence." Instruction No. 5.

"The essential elements of a valid gift are: (1) an intention on the part of the donor to presently give; (2) a subject matter capable of passing by delivery; and (3) an actual delivery at the time.

"All elements must be established to constitute a gift." Instruction No. 7.

"Once a gift is made it is irrevocable by the person making the gift." Instruction No. 8.

[2] "WE, THE JURY, render as our verdict the following answers to the interrogatories submitted by the Court:

"What was the nature of the transfer of funds from plaintiff, Leone Cerjance, to defendants, Harold and Lenore Kehres?

"1. The transfer was a gift.
ANSWER: ___No___ (Yes or No)
"2. The transfer was pursuant to an agreement between the parties.
ANSWER: ___Yes___ (Yes or No)
"3. If your answer to No. 2 is 'yes,' answer the following question:
The agreement entered into___Has___ (has or has not) been breached by defendants.

___s/ G. Raymond Keasey___
FOREMAN"

motion for a new trial on the ground that substantial justice had not been done. CR 59(a)(9). The basic reasons for the trial court's ruling are stated in the order granting new trial as follows:

*Failure of Substantial Justice.* It is clear to this court that substantial justice has not been done for the following reasons:

A. In light of the relationship between the parties and the transaction involved, the instructions submitted to the jury were not adequate or sufficient to fully inform the jury of the issues that they needed to decide.

B. The change in the plaintiff's theory, changed her burden of proof and deprived the defendants of time sufficient to prepare their defense.

C. Neither the court nor counsel had time to properly explore all of the ramifications that the change in theory presented. Although the jury found that there was an agreement which had been breached between the parties, it is the court's opinion that the questions asked of the jury were not adequately formulated in order to provide a proper basis for further action and relief by this court. Some, but not all, of the problems which were not considered and which further may not be considered by this court in light of the limited instructions given to the jury, were the nature of the agreement between the parties and where the plaintiff may have contributed to the breach of the agreement.

Order Granting New Trial ¶ 3.8.

*Statute of Limitations.* Because of the change of plaintiff's theory, neither the court nor counsel had the time to determine whether a new statute of limitations based upon contract theory may or may not have barred this action.

Order Granting New Trial ¶ 3.9.

One ultimate issue is presented.

ISSUE

Did the trial court err by setting aside the jury's verdict and granting a new trial on the basis that substantial justice had not been done?

## DECISION

CONCLUSION. We hold that the trial court did err, reverse its order granting a new trial and remand for further proceedings.

As one commentator has expressed it, "the authority of the trial judge to grant a new trial on the ground that substantial justice has not been done is severely limited." 2 L. Orland, *Wash. Prac.* § 334, at 379 (3d ed. 1972).

The grounds stated by the trial court are insufficient to sustain the granting of a new trial on the ground that "substantial justice has not been done." CR 59(a)(9).

In empaneling a jury in the fashion it did, the trial court proceeded as authorized by the rules of court, one of which provides that the trial court "may, with the consent of both parties, order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." CR 39(c). Since the parties agreed to the procedure employed here, it was not error.

Although the defendants excepted to the trial court's failure to give certain of its proposed instructions, they did not except to the trial court's instructions Nos. 5, 7 and 8 (see footnote 1) which contained the parties' theories insofar as the issues submitted to the jury were concerned. Neither did the defendants except to the special interrogatories to the jury nor to the preparation time accorded them.

█ The law is settled. Counsel's exceptions to proposed instructions must indicate the specific points objected to. *Burlingham–Meeker Co. v. Thomas,* 58 Wn.2d 79, 82, 360 P.2d 1033 (1961). The reason for requiring that exceptions be specific is "to apprise the trial judge of the points of law or question of fact in dispute. The purpose is to enable the trial court to correct any mistakes in the instructions in time to prevent the unnecessary expense of a second trial." *Roumel v. Fude,* 62 Wn.2d 397, 400, 383 P.2d 283 (1963). *Accord, Agranoff v. Morton,* 54 Wn.2d 341, 345–46, 340

P.2d 811 (1959). An instruction to which no proper exception is taken becomes the law of the case. *Wright v. Kennewick,* 62 Wn.2d 163, 166, 381 P.2d 620 (1963).

> We are committed to the rule that, insofar as possible, there shall be one trial on the merits with all issues fully and fairly presented to the trial court at that time so the court may accurately rule on all issues involved and correct errors in time to avoid unnecessary retrials.

*Haslund v. Seattle,* 86 Wn.2d 607, 614, 547 P.2d 1221 (1976). *Accord, Rank v. Alaska S.S. Co.,* 45 Wn.2d 337, 339, 274 P.2d 583 (1954).

■ Nothing in the history or application of the "substantial justice has not been done" ground for a new trial, CR 59(a)(9), suggests that it can be used to avoid the duty of a party to except to instructions and object to trial practices before the party can claim error in those respects. In fact, just the reverse appears. *See* CR 59(a)(8). The parties consented to the jury's determination of the issues submitted to the jury and are now bound by the jury's verdict on those issues.

For the foregoing reasons, the trial court's order granting a new trial and setting aside the jury verdict is reversed and the jury verdict is reinstated.

■ However, so far as the issues which the trial judge reserved for his decision are concerned, the restrictions on granting a new trial do not apply since the trial judge has rendered no decision on that aspect of the case. The restrictions on granting a new trial do not apply to a motion to take additional testimony made before the trial court's decision has been given in a nonjury case. *Schick Dry Shaver, Inc. v. General Shaver Corp.,* 26 F. Supp. 190, 191 (D. Conn. 1938); *see* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2804, at 37 (1973). The record suggests that the taking of additional testimony following the jury verdict was not contemplated. Based on the foregoing, however, if the trial judge deems it necessary in the interests of justice to reopen the case only for the purpose of taking additional testimony as to those issues reserved

for his decision, he may do so in the sound exercise of his discretion.

Reversed and remanded for further proceedings not inconsistent herewith.

JAMES, A.C.J., and SWANSON, J., concur.