[Civ. No. 23602. Third Dist. June 25, 1984.]

MARY LOUISE MENASCO, Plaintiff and Appellant, v.
JERRY SNYDER, Defendant and Respondent.

730

**COUNSEL**

Tocher, Gazzigli & Boeckman, Joseph Gazzigli and Bradley Boeckman for Plaintiff and Appellant.

Stumbos & Mason and Bradley S. Thomas for Defendant and Respondent.

**OPINION**

**SPARKS, J.**—Plaintiff appeals from an adverse judgment in this action for personal injury. We conclude that this is a patently frivolous appeal and, in addition to affirming the judgment, shall impose sanctions on plaintiff's counsel.

Injured in a three-car collision, plaintiff brought suit against defendant and others. The jury by special verdict found defendant was not negligent and thus not responsible for plaintiff's injuries.

██ Plaintiff's sole contention on appeal is that defense counsel committed prejudicial misconduct during closing argument.[1] She asserts defense counsel's argument was designed to show defendant was unable to pay a substantial judgment, thus appealing to the passion and sympathy of the jury and denying her a fair trial.

The passage set out in the margin is the only part of defense counsel's closing argument that is contained in the record, plaintiff having elected to prosecute this appeal without benefit of a reporter's transcript. Obviously,

---

[1] The alleged misconduct consists solely of the following statement by defense counsel: "Mr. Tocher [counsel for plaintiff] says $400,000 may seem like a lot of money. That may be the biggest understatement of the trial. It is an incredible sum of money. And the problem a lawyer in my position faces is no matter what he says, he's going to come off sounding a little bit callous. I suppose because I don't believe that $400,000 is a reasonable figure. If I weren't representing my client, if there were indefinite quantities of money, then maybe. But you've got to be fair to both sides in this case. And what we're after is a reasonable compensation for her injuries. And $400,000 is—I think it's ridiculous."

this court is in no position to determine whether counsel's statements were taken out of context, or even if improper, were prejudicial.[2]

Plaintiff nevertheless claims that the excerpted portion of defense counsel's closing argument "improperly introduced an element of sympathy by reference to his client's inability to pay a substantial judgment." We read it differently. In our view, the argument merely declaims that if money grew on trees, plaintiff could harvest it; but since it doesn't, the jury should only return a fair and reasonable award. As Witkin notes, "[t]he term 'misconduct' is generally used in connection with trials to mean the disregard of rules of evidence or procedure for the purpose and with the effect of prejudicing the adverse party's claim or defense before a jury." (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 162, p. 2982.) No such disregard can be divined in this innocuous argument. In short, it is simply not misconduct to challenge the reasonableness of plaintiff's damage request.

And even if we were to find misconduct in this argument (which we obviously do not), mere misconduct does not warrant reversal. As the Supreme Court noted nearly eighty years ago, "[i]t rarely occurs in any case which is of moment and sharply contested that counsel on both sides in their zeal and partisan devotion to their clients do not indulge in arguments, remarks, insinuations, or suggestions which find neither support in, nor are referable or applicable to the testimony, or warranted by any fair theory upon which the case is being presented. If such impropriety of counsel always afforded ground for a new trial, there would be little prospect of any litigation becoming finally determined. ▮ It is only when the conduct of counsel consists of a willful or persistent effort to place before a jury clearly incompetent evidence, or the statements or remarks of counsel are of such a character as to manifest a design on his part to awake the resentment of the jury, to excite their prejudices or passions against the opposite party, or to enlist their sympathies in favor of his client or against the cause of his adversary, and the instructions of the court to the jury to disregard such offered evidence or objectionable remarks of counsel could not serve to remove the effect or cure the evil, that prejudicial error is committed. It is only in extreme cases that the court, when acting promptly and speaking clearly and directly on the subject, cannot, by instructing the jury to disregard such matters, correct the impropriety of the act of counsel and remove any effect his conduct or remarks would otherwise have." (*Tingley* v. *Times Mirror* (1907) 151 Cal. 1, 23 [89 P. 1097].) Wherever the line for extreme

---

[2]We note that plaintiff's statement of facts refers simply to her preargument statement, notwithstanding the obvious fact that in the absence of a reporter's transcript this court has no way of knowing whether or not the stated facts were proven at trial. We must likewise ignore plaintiff's unsupported assertion that the evidence presented at trial overwhelmingly demonstrated defendant's negligence.

cases might be drawn, the argument here would always fall on the other side.

■ Moreover, plaintiff's failure to object to the alleged misconduct in the court below constitutes a waiver of her right to have the matter addressed on appeal. (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 891-892 [112 Cal.Rptr. 540, 519 P.2d 588].) " '[A] claim of misconduct is entitled to no consideration on appeal unless the record shows a timely and proper objection and a request that the jury be admonished.' . . . [Citation.] ' "As the effect of misconduct can ordinarily be removed by an instruction to the jury to disregard it, it is generally essential, in order that such act be reviewed on appeal, that it shall first be called to the attention of the trial court at the time, to give the court an opportunity to so act in the premises, if possible, as to correct the error and avoid a mistrial. Where the action of the court is not thus invoked, the alleged misconduct will not be considered on appeal, if an admonition to the jury would have removed the effect." ' " (*Sabella* v. *Southern Pac. Co.* (1969) 70 Cal.2d 311, 318 [74 Cal.Rptr. 534, 449 P.2d 750], cert. den. sub nom. *Southern Pacific Co.* v. *Sabella* 395 U.S. 960 [23 L.Ed.2d 746, 89 S.Ct. 2100].) Thus, "[o]nly misconduct so prejudicial that an admonishment would be ineffective excuses the failure to request such admonishment." (*Whitfield* v. *Roth, supra,* 10 Cal.3d at p. 892, citation omitted.)

In assessing that prejudice, the *Sabella* court noted that each case must ultimately rest upon a court's view of the overall record, "taking into account such factors, inter alia, as the nature and seriousness of the remarks and misconduct, the general atmosphere, including the judge's control, of the trial, the likelihood of prejudicing the jury, and the efficacy of objection or admonition under all the circumstances." (70 Cal.2d at p. 321, fn. omitted.) Even if we assumed misconduct here, without a record of the in-court proceedings, it cannot be determined whether counsel's asserted "plea of sympathy" was so prejudicial that it could not have been cured by a timely objection coupled with a requested admonition to the jury. Suffice it to say that the causal connection between the argument for lesser but fair damages and the verdict completely exonerating defendant from any negligence is hardly self evident.

Plaintiff argues her failure to raise a timely objection was tactical. This contention offers plaintiff no solace. As we have noted, in the absence of a timely objection the error is waived unless it is so aggravated that it cannot be cured by admonition. (See also 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 163, p. 2983.) In the absence of a showing of that kind of prejudicial misconduct, an appellate court is not concerned with the mental pro-

cesses employed by counsel in selecting his trial tactics. (*Buchanan* v. *Nye* (1954) 128 Cal.App.2d 582, 587 [275 P.2d 767].)

Plaintiff's reliance on *Seimon* v. *Southern Pac. Transportation Co.* (1977) 67 Cal.App.3d 600 [136 Cal.Rptr. 787], is misplaced. In *Seimon,* the trial court's granting of a motion for new trial based on alleged attorney misconduct was upheld, notwithstanding that no objection had been raised to such misconduct at trial. (*Id.,* at pp. 604-606.) A trial court has broad discretion in considering motions for a new trial, and "the rules applicable to . . . waiver, to invited error or to estoppel, have no application when an appellate court is considering the propriety of an order *granting* a new trial." (*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 747 [40 Cal.Rptr. 78, 394 P.2d 822], italics added.) "[W]here the trial judge determines that the misconduct was serious and grants a new trial, the reviewing court is not concerned with the failure to object or except; i.e., the technical waiver by . . . counsel cannot deprive the trial judge of the power to correct a miscarriage of justice." (5 Witkin, Cal. Procedure (1983 pocket supp.) Attack on Judgment in Trial Court, § 119, pp. 307-308.)

Here, however, the trial court *denied* plaintiff's new trial motion. "In an appeal . . . from a judgment after denial of a motion for new trial, the failure of . . . counsel to object or except may be treated as a waiver of the error." (5 Witkin, *supra,* § 119, p. 307; *Malkasian* v. *Irwin, supra,* 61 Cal.2d at p. 747; see *Horn* v. *Atchison, T. & S. F. Ry. Co.* (1964) 61 Cal.2d 602, 610 [39 Cal.Rptr. 721, 394 P.2d 561], cert. den. sub nom. *Atchison, Topeka & Santa Fe Railway Co.* v. *Horn,* 380 U.S. 909 [13 L.Ed.2d 796, 85 S.Ct. 892] ["'In the absence of a timely objection the offended party is deemed to have waived the claim of error through his participation in the atmosphere which produced the claim of prejudice.'"].) (*Sabella* v. *Southern Pac. Co., supra,* 70 Cal.2d at p. 319.) Under the circumstances here presented we conclude plaintiff has waived her claim of error.

In sum, we are urged to reverse the judgment for a trivial and waived claim of error on a patently inadequate record. And if that were not egregious enough, in the trial court plaintiff expressly conceded the very issue she now tenders on appeal. Addressing the claimed misconduct on the motion for new trial, plaintiff's counsel told the court and opposing counsel that no response was necessary because "I don't think that's enough for a new trial and I'll be candid about that."

We will also be candid. ▮ This is a frivolous appeal. ▮ An appeal is frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonably attorney would agree that

the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) ▮ As we have demonstrated, this appeal indisputably has no merit. First, there was no misconduct. But if there were, it was waived by plaintiff's failure to object and request an admonition; and even if it were not waived, its prejudice cannot be assessed from the scanty record plaintiff chose to furnish this court. Finally, the claim of error, however characterized, was conceded by counsel in the trial court to lack merit. For these reasons, following oral argument, we issued an order to plaintiff and her counsel to show cause why sanctions should not be imposed. (See Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) At that hearing counsel commendably requested that if sanctions are to be imposed, they be levied against their firm rather than their client.[3] We conclude that a penalty of $1,000 should be imposed upon plaintiff's counsel.

The judgment is affirmed. A penalty of $1,000 is imposed upon the law firm of Tocher, Gazzigli & Boeckman. This penalty will be recovered as costs by defendant.

Regan, Acting P. J., and Sims, J., concurred.

---

[3]Plaintiff's counsel argued that the appeal was brought in good faith and not for an improper motive. Opposing counsel maintained that the appeal was filed by plaintiff solely as leverage to induce a waiver of costs. The clerk's record reflects that costs in the sum of $1,724.35 were allowed by the court to defendant as the prevailing party. Since we find this appeal to be indisputably without merit, we need not decide whether it was also brought for an improper purpose.