492 So.2d 1157 (1986)
Marvin SCHAFFER, Judy Schaffer and Allstate Insurance Company, Appellants,
v.
Francisco PULIDO and Ada Pulido As Natural Guardians of Frank Pulido, a Minor, Appellees.
No. 86-390.
District Court of Appeal of Florida, Third District.
August 12, 1986.
Rehearing Denied September 10, 1986.
Spencer & Taylor and Dean A. Mitchell, for appellants.
Martin E. Levine, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
The defendants Marvin and Judy Schaffer and their insurer Allstate Insurance Company appeal from an order granting a new trial for the plaintiffs Francisco Pulido and Ada Pulido, as guardians for Frank Pulido, a minor, in a personal injury negligence action. In a special verdict, the jury found that the minor Frank Pulido had suffered no permanent injury in the accident sued upon. Upon motion filed by the plaintiffs, the trial court granted a new trial based on the following grounds:
"1. That jury instruction 5b on the no-fault threshold should not have been given.
2. That the verdict which had a question on the no-fault threshold should not have been utilized."
Without dispute, the plaintiffs submitted both jury instruction 5b, which the trial court gave, and the verdict form that was used in this case. This being so, the plaintiffs invited the error, if any, which occurred below and may not complain on a motion for new trial or on appeal concerning these alleged errors. Not only did the plaintiffs not object to the subject instruction and verdict form which was used below, *1158 the plaintiffs themselves urged the trial court to use both and thus invited the very error of which they complain in the motion for new trial. Plainly, a new trial cannot be granted under these circumstances. Sears Roebuck & Co. v. Jackson, 433 So.2d 1319, 1321-23 (Fla. 3d DCA 1983); Seaboard Coast Line Railroad v. Burdi, 427 So.2d 1048, 1050 (Fla. 3d DCA), pet. for review dismissed, 431 So.2d 988 (Fla. 1983); Glabvo Dredging Contractors v. Brown, 374 So.2d 607, 608 (Fla. 3d DCA 1979); Rose's Stores, Inc. v. Mason, 338 So.2d 1323, 1324 (Fla. 4th DCA 1976); see also Florida East Coast Railroad v. Rouse, 178 So.2d 882, 884 (Fla. 3d DCA 1965), quashed on other grounds, 194 So.2d 260 (Fla. 1967) (on rehearing).
The order granting a new trial is reversed and the cause is remanded to the trial court with directions to enter judgment on the jury verdict herein.
Reversed and remanded.