HENDRY, Judge.
Palm Bay Court Developers (Palm Bay) and General Contractors of America (GCA) have consolidated their appeals from an order granting the Stinsons’ motion for a new trial and denying their motions for judgment in accordance with the motion for directed verdict.
John Stinson, supervisor for a landscape contractor, sustained an injury to his shoulder when he tripped over an electrical conduit protruding from a concrete parking deck at a construction site. Stinson sued Palm Bay (a/k/a Venture Bay), the owner/developer of the site; General Contractors; and J & M Construction Company, a subcontractor.
Stinson testified that although he must have seen the conduit on prior visits to the site, he had taken no particular notice of it until he caught his foot in the conduit and fell while supervising the- placement of a tree. The jury returned a special interrogatory verdict prepared by Stinson which absolved J & M of liability, but found Palm Bay 3% negligent as owner, GCA 4% negligent, and Stinson 93% negligent. That section of the form relating to the computation of damages was left blank by the jurors. When told to rely upon their recollections as to the amount of damages sought by Stinson, the jurors awarded him $42,000. The parties then stipulated the verdict amount to be a net figure, after a requested reduction of $600,000 for comparative negligence. Stinson moved for a new trial on liability and damages and/or liability only. The trial court, finding the jury “did not understand its obligation to independently determine damages” and “failed to follow the court’s instructions with respect to liabilities of owners and general contractors,” granted the motion for a new trial. This consolidated appeal of Palm Bay Developers and General Contractors followed.
Generally, broad discretion is enjoyed by a trial court when granting or denying a party’s motion for new trial. However, if the ruling is grounded in a question of law, uncontaminated with factual conflict, the area of discretion in granting a new trial is drastically limited, see Gatlin v. Jacobs Construction Co., 218 So.2d 188 (Fla. 4th DCA), cert. denied, 225 So.2d 529 (Fla.1969), and the appellate court is on the same footing as the trial court in determining the correct law to be applied. American Employers’ Ins. Co. v. Taylor, 476 So.2d 281 (Fla. 1st DCA 1985). In this case, the trial court misinterpreted the law when it stated in the new trial order that if either Palm Bay or GCA had been found liable, the other would have to have been exonerated.
While it is the general rule that where an owner engages an independent contractor to perform a job for him, the owner will ordinarily owe no duty to an employee of the general contractor, the owner can still be found liable by committing some act of negligence — irrespective of the owner/independent contractor relationship. City of Mount Dora v. Voorhees, 115 So.2d 586 (Fla. 2d DCA 1959), cert. denied, 119 So.2d 293 (Fla.1960). Even if a dangerous condition is created or partially caused by the independent contractor, the owner is not shielded from *1151 legal liability if the owner negligently failed to take sufficient precautions to alleviate the dangerous situation. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla.1977).
Evidence adduced at trial showed Palm Bay’s failure to discover the conduit and remove it, despite their daily inspections of the job site for hazards. It was also shown that GCA had a contractual duty to remove the concrete island including the conduit, but failed to do so. John Stinson candidly admitted knowledge of the conduit’s presence and that he was not looking where he was going at the time of the accident. The jury found both Palm Bay and GCA liable and Stinson negligent to a greater degree than the defendants. Clearly, the record does not support the trial court’s finding that the verdict, which found Palm Bay and GCA liable and Stin-son negligent, was against the manifest weight of the evidence. Thus, it was error to order a new trial on this basis. See Springfield Life Ins. Co. v. Edwards, 375 So.2d 1120 (Fla. 3d DCA 1979).
Nor was there evidence to support the finding that the jury verdict was the result of jury confusion. The mere fact that a jury corrects an improperly completed verdict form upon instruction is not a sufficient basis for the ordering of a new trial, Eley v. Moris, 478 So.2d 1100 (Fla. 3d DCA 1985); American Employers, 476 So.2d at 284, for until that verdict is accepted by the trial judge and recorded, the cause remains in the hands of the jury and the verdict form which they render can be corrected to properly reflect the jurors’ intentions. Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966). Initially, the jury in this case left the total amount of damages blank while finding Palm Bay 4% negligent and GCA 3% negligent. After they explained the reason for the blank on the verdict form, the jury was instructed to deliberate further and fill in the amount for the total damages. The verdict was returned with total damages of $42,-000 awarded to John Stinson. Whatever confusion existed in the minds of the jury concerning their duty to award damages and reduce the amounts by the stated percentages of negligence attributable to each party was corrected by a stipulation to the jury’s expression of intent, by counsel, pri- or to the court’s acceptance of the verdict. Lane v. Hearin, 148 So.2d 539 (Fla. 3d DCA 1963).
That the jury asked an irrelevant question during its initial deliberations or showed concern over a point in the medical records does not constitute grounds sufficient to mandate a new trial. In the absence of a clear showing to the contrary, it must be presumed that the jury followed the court’s instructive responses to their inquiries. Eley v. Moris, 478 So.2d at 1103; see also American Employers, 476 So.2d at 284; National Car Rental Systems, Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 768 (Fla.1973).
Finally, the principal ground relied upon by the trial court when it ordered a new trial in this cause was the failure of the jury to “follow the court’s instructions with respect to liabilities of owners and general contractors.” The position of the appellees throughout the trial was the dual liability of Palm Bay and General Contractors. It was argued in closing argument and the jury was so charged at appellees’ request. They may not now secure the benefit of a new trial based upon an error which they invited. Schaffer v. Pulido, 492 So.2d 1157 (Fla. 3d DCA 1986); Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983); Glabvo Dredging Contractors v. Brown, 374 So.2d 607 (Fla. 3d DCA 1979).
Accordingly, and consistent with this opinion, we reverse the trial court’s order, reinstate the jury’s verdict and direct a judgment be entered consistent with that verdict.
Reversed, with instructions.