[No. 17641-6-II.   Division Two.   February 23, 1996.]
HANS SDORRA, ET AL., *Respondents*, v. MARY DICKINSON, ET AL., *Appellants*.

*Todd R. Renda*, for appellants.

*Thomas J. West, Heidi E. Imhof*, and *Thompson, Krilich, LaPorte, Tucci & West*, for respondents.

MORGAN, J. — Mary Dickinson appeals an order granting a new trial to Hans Sdorra and Tacoma Yellow Cab. We reverse.

On July 3, 1991, a car driven by Dickinson collided with a taxicab driven by Sdorra and owned by Tacoma Yellow Cab. The collision occurred on 19th Street in Tacoma. Nineteenth Street has two lanes westbound, two lanes eastbound, and a two-way center turn lane. Dickinson's and Sdorra's vehicles came to rest in the center turn lane.

Dickinson testified she had been watching a fireworks display while parked in a Fred Meyer parking lot that abuts 19th Street. When the fireworks were over, she wanted to exit south onto 19th Street, turn left, and drive east. Due to heavy traffic, the cars in the two westbound lanes came to a stop, leaving a gap in front of her. She could not see traffic in the center turn lane, but neither did she anticipate anyone driving there. After crossing the two westbound lanes, she collided with Sdorra's taxicab.

Sdorra denied using the center turn lane to pass slow-moving westbound traffic. Rather, he testified that he was driving in the left westbound lane, intending to turn left at a point 230 to 260 feet west of the location of the accident. Traffic was heavy in both directions, but it was moving at 20 to 25 m.p.h. He collided with Dickinson as she unexpectedly intruded into his lane of travel.

Tamara Floeres, an independent witness, testified that she was trying to leave the Fred Meyer parking lot at about the same time as Dickinson. She was a couple of cars behind Dickinson, and she saw Sdorra using the center turn lane to pass stopped or slow-moving westbound vehicles.

In July 1992, Sdorra and Tacoma Yellow Cab sued Dickinson for personal injuries and property damage. A week later, Dickinson counterclaimed for similar relief.

Trial commenced on June 21, 1993. Each party proposed standard jury instructions, including the usual definitions of negligence, contributory negligence and proximate cause.[1] Each party also proposed two special verdict forms, designated Special Verdict Form A and Special Verdict Form B. Special Verdict Form A promulgated several questions with respect to Sdorra's claim: (1) whether the claimant was negligent; (2) whether the claimant's negligence was a proximate cause of the opposing party's damages; (3) whether the claimant suffered damages and, if so, the total amount thereof; (4) whether the opposing party was also negligent; (5) whether the opposing party's negligence was also a proximate cause of the claimant's damages; and (6) each party's percentage of negligence. Special Form B promulgated the same questions with respect to Dickinson's claim.

Sdorra also proposed two general verdict forms, which we refer to as General Verdict Form A and General Verdict Form B. General Verdict Form A stated:

---

[1]Each party's set of proposed instructions bears a file stamp of July 8, 1993. The jury returned its verdict on June 23, 1993. Each party seems to assume that the other's proposed instructions were filed in accordance with CR 51(a), and we assume likewise.

We, the jury, find for the plaintiffs and assess their damages as follows:

1. For injury to the plaintiff Hans Sdorra in the sum of $____.

2. For damages to plaintiff Tacoma Yellow Cab's automobile and loss of use thereof in the sum of $____.

General Verdict Form B stated:

We, the jury, find for the defendant in the sum of $____.

At the close of the evidence, the trial judge provided each counsel with a tentative packet of instructions and verdict forms. The packet included definitions of negligence, contributory negligence, and proximate cause. It also contained proposed Special Verdict Forms A and B.

Sdorra's counsel objected to the instruction defining contributory negligence and to the use of special verdict forms. The trial judge sustained the objection, saying she was prepared to remove the contributory negligence instruction and give General Verdict Forms A and B in lieu of Special Verdict Forms A and B. Dickinson's counsel protested, arguing that the record contained substantial evidence of contributory negligence. The court ruled by stating, "[A]t this point I'm not willing to submit any instruction to the jury with regard to comparative negligence."[2]

Pursuant to Sdorra's request not to submit the issue of contributory negligence to the jury, the trial court did not give the jury a definition of contributory negligence. Inexplicably, however, it included that issue in instructions describing the parties' claims,[3] the parties' respective burdens of proof,[4] and the damages to be considered

[2]Report of Proceedings at 5 (Exceptions to Court's Instructions).

[3]Designated Court's Instruction 5; this instruction was based on WPI 3d 20.02. Clerk's Papers at 24.

[4]Designated Court's Instruction 4; this instruction was based on WPI 3d 21.04. Clerk's Papers at 22-23.

by the jury.[5] Each of these instructions had been proposed by Sdorra's counsel, and none was objected to by him, notwithstanding his earlier assertion that the court should not instruct on contributory negligence.

The trial court also gave instructions 14 and 15 over Sdorra's objection. Instruction 14 stated:

A statute provides that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. The driver shall so control speed as may be necessary to avoid colliding with others who are complying with the law and using reasonable care.[6]

Instruction 15 stated in part:

A statute provides that no person shall drive a vehicle in a two-way left turn lane for the purpose of overtaking or passing another vehicle proceeding in the same direction.[7]

The jury awarded Dickinson $37,876. Sdorra moved for a new trial, arguing that the jury instructions and general verdict forms were defective.[8] The trial court granted the motion, stating only that "the instructions submitted to the jury were contradictory and inconsistent, constituting prejudicial error as given."[9] Dickinson now appeals, asking that the verdict be reinstated and judgment entered thereon.

Dickinson contends the order granting a new trial must be reversed due to lack of compliance with CR 59(f). Sdorra

---

[5]Designated Court's Instruction 10, this instruction was based on WPI 3d 30.03.01. Clerk's Papers at 29-31.

[6]Clerk's Papers at 35.

[7]Clerk's Papers at 36.

[8]Sdorra also moved for judgment notwithstanding the verdict, but that motion is immaterial here.

[9]Clerk's Papers at 196.

responds that the order complies with the rule "because there is only one set of instructions to review."[10]

CR 59(f) provides:

> **Statement of Reasons.** In all cases where the trial court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied.

■ The order granting new trial states only that the jury instructions were "contradictory and inconsistent, constituting prejudicial error as given." It does not state which instructions were contradictory or inconsistent. It does not state why the instructions were contradictory and inconsistent. It does not state whether, or why, any error was prejudicial. For these reasons, it does not comply with CR 59(f). *See Greenwood v. Bogue*, 53 Wn.2d 795, 337 P.2d 708 (1959).

Sdorra nonetheless claims that we should uphold the trial court's order. This is true, he says, for two reasons.

First, he contends the trial court erred by giving instructions 14 and 15. His assumptions are (1) that instructions 14 and 15 related to the issue of his negligence, and (2) that when the trial judge refused to instruct on contributory negligence, she withdrew the issue of his negligence from the jury.

■ The first assumption is correct, but the second is not. Although the trial court used improper verdict forms, it submitted to the jury both (1) Sdorra's claim against Dickinson and (2) Dickinson's claim against Sdorra. Dickinson's claim was grounded on Sdorra's negligence. Therefore, the trial court was required to instruct on Sdorra's

---

[10]Br. of Resp't at 6.

negligence, regardless of its ruling on contributory negligence, and it did not err by giving instructions 14 and 15.[11]

■■ Second, Sdorra contends that the trial court erred by giving instructions that conflicted on the issues of contributory and comparative negligence. CR 59(a) provides, in pertinent part, that a verdict may be vacated and a new trial granted on any of the following grounds:

> (7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

> (8) Error in law occurring at the trial and objected to at the time by the party making the application.

According to this rule, a court may vacate a verdict not supported by substantial evidence, even if the party seeking vacation failed to object before the case was submitted to the jury. *See also* CR 50(b).[12] A court may also vacate a verdict for error of law not involving a lack of substantial evidence, if the party seeking vacation objected at the time. But, by negative implication, a court may not vacate a verdict for error of law not involving a lack of substantial evidence, if the party seeking vacation failed to object or, a fortiori, invited the error. *Cerjance v. Kehres*, 26 Wn. App. 436, 439, 613 P.2d 192 (1980).[13]

In passing, we observe that cases from other jurisdictions are split on whether a trial court has discretion to grant a new trial on the basis of invited error. For example, in *Walter v. Simmons*, 169 Ariz. 229, 818 P.2d

---

[11]We reject Sdorra's assertions that Instructions 14 and 15 were not supported by the evidence.

[12]CR 50(b) took effect on July 1, 1967. 71 Wn.2d at xxiii; *see also* 122 Wn.2d at 1108 (1993) (amending CR 50(b) to its present form). In effect, it overruled *Agranoff v. Morton*, 54 Wn.2d 341, 340 P.2d 811 (1959), and similar cases.

[13]Dickinson cites *Trueax v. Ernst Home Ctr., Inc.*, 124 Wn.2d 334, 878 P.2d 1208 (1994), but that case is not apropos here. It stands for the proposition that a trial court is not *required* to grant a new trial based on an instructional ruling to which the moving party did not object. The issue here is whether a trial court is *permitted* to grant a new trial based on instructional error that was invited.

214 (1991), a case in which the moving party had invited error by proposing an erroneous instruction, the appellate court said the trial court could correct the error "to prevent a miscarriage of justice."[14] Other cases, however, hold to the contrary. Thus, in *Burke v. Moyer*, 621 S.W.2d 75 (Mo. Ct. App. 1981), the trial court erroneously gave certain jury instructions that Moyer had proposed, and the jury returned a verdict for Burke. The trial court granted a new trial, and Burke appealed. Reversing the order for new trial, the appellate court said:

> The instruction error . . . is not now available to Moyer as a basis to sustain the new trial order. [The instruction] was given by the trial court in the form tendered by Moyer and at no time prior to submission of the case did Moyer ever suggest that the definition instructions were erroneous . . . . A party cannot lead the court into error and then employ that error as a source of complaint.

*Burke*, 621 S.W.2d at 82. And in *Schaffer v. Pulido*, 492 So. 2d 1157 (Fla. Dist. Ct. App. 1986), the trial court erroneously gave plaintiffs' proposed instruction 5b. After a defense verdict, the trial court granted a new trial due to instruction 5b. Reversing the order granting new trial, the appellate court stated:

> Without dispute, the plaintiffs submitted both jury instruction 5b, which the trial court gave, and the verdict form that was used in this case. This being so, the plaintiffs invited the error, if any, which occurred below and may not complain on a motion for new trial or on appeal concerning these alleged errors.

*See also General Contractors of Am., Inc. v. Stinson*, 524 So. 2d 1148, 1151 (Fla. Dist. Ct. App. 1988) (parties "may

---

[14]818 P.2d at 221. *See also Menasco v. Snyder*, 157 Cal. App. 3d 729, 203 Cal. Rptr. 748, 751 (1984) ("trial court has broad discretion in considering motions for a new trial, and 'the rules applicable to . . . waiver, to invited error or to estoppel, have no application when an appellate court is considering the propriety of an order *granting* a new trial' "); *cf. Kimball v. Whetzel*, 10 Cal. App. 3d 836, 89 Cal. Rptr. 373, 377 (1970) (affirming grant of new trial based on erroneous jury instruction to which there was no objection at trial).

not now secure the benefit of a new trial based upon an error which they invited"). In light of CR 59(a)(8), Washington is aligned with *Burke, Schaffer* and *Stinson.*

Here, the record obviously supports inferences that each driver was negligent, and that his or her negligence was a proximate cause of damage to the other. Thus, the trial court did not err by submitting to the jury (1) Sdorra's claim against Dickinson, and (2) Dickinson's claim against Sdorra. Nor did it err by referring to contributory negligence in the instructions that described claims, burdens of proof, and damages, or, as already noted, by giving Instructions 14 and 15. It did err, however, in not giving the jury a definition of contributory negligence, and in not supplying verdict forms that required the jury to compare each party's negligence. *See* RCW 4.22.070.

These errors did not result in a verdict unsupported by substantial evidence. In addition to supporting inferences that each party was negligent, and that his or her negligence was a proximate cause of damage to the other, the record supports inferences that only Sdorra was negligent, and that his negligence was a proximate cause of damage to Dickinson. Because these inferences were available to the jury, the verdict is supported by substantial evidence.

The trial court's errors were invited by Sdorra. He argued that the jury should not be permitted to consider contributory negligence with respect to either his claim or Dickinson's claim and, in effect, that the case should be submitted to the jury on a one-party-takes-all basis. Only after the jury said Dickinson would take all did he object, for the first time, to the trial court's erroneous adoption of his position. One effect of his conduct was to waive contributory negligence, should the jury elect to award damages on Dickinson's claim.

In sum, the trial court's errors were errors of law that did not involve a lack of substantial evidence and that were invited by Sdorra. Therefore, the trial court lacked discretion to grant a new trial. CR 59(a)(8).

704

The parties' remaining arguments lack merit and need not be discussed.

The order granting a new trial is reversed, the verdict is reinstated, and the case is remanded for entry of judgment on the verdict.

SEINFELD, C.J., and HOUGHTON, J., concur.

Reconsideration denied March 20, 1996.