[No. 14645-6-III.   Division Three.   August 27, 1996.]

ADAM K. HONEGGER, *Appellant*, v. YOKE'S
WASHINGTON FOODS, INC., *Respondent.*

*Richard W. Kuhling* and *Paine, Hamblen, Coffin, Brooke & Miller*, for appellant.

*Jonathan C. Rascoff* and *Rascoff & Kelly*, for respondent.

THOMPSON, J. — Adam K. Honegger appeals a jury verdict in his favor on assault and battery and negligence claims against Yoke's Washington Foods, Inc., and its employees. Mr. Honegger contends the trial court erred in permitting the jury to reduce the award of damages for the assault and battery by his contributory fault. We agree and remand for a new trial.

Yoke's operates a grocery store in Spokane. This lawsuit arose out of personal injuries Mr. Honegger

sustained when Yoke's employees allegedly chased and beat him after they saw him shoplifting cigarettes from the store.[1] Mr. Honegger alleged causes of action for assault and battery and negligence. Yoke's asserted contributory fault as an affirmative defense.

The jury found Yoke's employees committed an assault and/or battery on Mr. Honegger and Yoke's was negligent in supervising them. The jury set damages at $11,979.40, and also found that 70 percent of the damages were attributable to Mr. Honegger's fault. Accordingly, the court entered judgment in the amount of $3,593.82 plus court costs.

The dispositive issue is whether the trial court properly instructed the jury as to the plaintiff's contributory fault.[2] Washington has adopted contributory fault as a method of apportioning damages in actions based on fault. RCW 4.22.005; *see Geschwind v. Flanagan*, 121 Wn.2d 833, 854 P.2d 1061 (1993).

Mr. Honegger first contends contributory fault did not apply to his negligence claims against Yoke's. Mr. Honegger contends Yoke's negligence was a result of its policy of aggressively pursuing shoplifters and its negligent supervision of employees. Because he was not responsible for Yoke's policy nor involved in the hiring and training of its employees, he contends any instruction on contributory fault would have been improper. He argues, essentially, that unless his contributory fault relates directly to one of Yoke's acts or omissions, contributory fault should not

---

[1]The report of proceedings in this appeal is limited to the closing argument of Mr. Honegger's counsel and matters relating to jury instructions. Therefore, the facts underlying the verdict are unavailable and limited to the parties' briefs and pleadings. Their versions vary considerably.

[2]Mr. Honegger does not make separate assignments of error for each jury instruction or proceed in accordance with RAP 10.3 However, it is apparent from Yoke's brief that it understands the nature of his challenge and the instructions at issue. When a brief clearly discloses what action is considered erroneous and the opposing party has had no difficulty responding to the issue, an appellate court may consider the party's argument. *Podiatry Ins. Co. v. Isham*, 65 Wn. App. 266, 268, 828 P.2d 59 (1992). On this basis, we deny Yoke's motion to dismiss.

reduce the consequences of the defendant's negligence. We disagree.

■■ Contributory fault is conduct by the plaintiff that fell below the standard to which he should have conformed for his own protection and which contributed as a legal cause to his injury. *Geschwind*, 121 Wn.2d at 837; RESTATE-MENT (SECOND) OF TORTS § 463, at 506 (1965); W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS § 65, at 451 (5th ed. 1984).

A plaintiff's culpability is not of the same nature as the defendant's. RESTATEMENT (SECOND) OF TORTS § 463 cmt. b (1965). A defendant's negligence relates to a failure to use due care for the safety of others, but a plaintiff's negligence relates to a failure to use due care for his own protection. *Seattle-First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 588 P.2d 1308 (1978). In Washington, a plaintiff who "has voluntarily engaged in behavior which increases the risk of injury . . . may be held to be predominantly liable for the injuries occurring as a result thereof." *Geschwind*, 121 Wn.2d at 839. Also, a plaintiff who does not directly cause the injury-producing event may be held more liable for his or her injuries than the tortfeasor. *Shorter v. Drury*, 103 Wn.2d 645, 695 P.2d 116, *cert. denied*, 474 U.S. 827 (1985). In *Geschwind*, the court held that an intoxicated passenger can be more at fault for injuries sustained in an automobile accident than the negligent driver when the passenger knew or reasonably should have known the driver was intoxicated. *Geschwind*, 121 Wn.2d at 838-39. In *Shorter*, the court held that a patient who refused to accept blood transfusions may be more at fault than a doctor who negligently performed an operation and the patient bled to death as a result of both her injuries and her refusal to accept a transfusion. *Shorter*, 103 Wn.2d at 657.

Under the *Geschwind* and *Shorter* reasoning, a suspect may be at fault for injuries he sustained while fleeing the scene of a crime, even though he did not directly cause the injury-producing event. It would be appropriate,

therefore, to instruct the jury to reduce the damages related to a negligence claim to the extent of such a plaintiff's contributory fault.[3]

■ ■ However, this reasoning does not apply to intentionally caused damages. Under Washington's statutory scheme, fault includes "acts or omissions . . . that are in any measure negligent or reckless" as well as the "unreasonable assumption of risk" and the "unreasonable failure to avoid an injury . . . ." RCW 4.22.015. Intentional torts are not included in the definition, and the legislative history demonstrates the omission was purposeful: "The idea is to permit the trier of fact to consider all the conduct *short of what would be considered an intentional tort* and make a reduction of the plaintiff's recovery for his or her share." Senate Journal, 47th Legislature (1981), at 635 (emphasis added); *see Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 161-62, 795 P.2d 1143 (1990).

Assault and battery are intentional torts. *See* 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASH. PRAC., *Tort Law & Practice* § 9.2, at 220 (1993). A plaintiff's contributory fault cannot be used to reduce a defendant's liability for assault and battery. The trial court therefore erred in instructing the jury to reduce Mr. Honegger's total damages, because that portion of the damages related to assault and battery was not subject to reduction by Mr. Honegger's contributory fault.

We next must consider whether Mr. Honegger waived the error by failing to request an instruction that would have required the jury to segregate his damages between the negligence and assault and battery claims. Even if Mr. Honegger bore the burden of requesting segregation,[4] he has satisfied that burden here. During the jury instruction

---

[3]Because we conclude contributory fault applies to Mr. Honegger's negligence claims, we reject his suggestion that we simply remand for entry of a judgment that disregards contributory negligence entirely.

[4]Our conclusion that Mr. Honegger properly requested segregation makes it unnecessary to resolve this issue, which was not briefed and arose only during oral argument. *See* RAP 12.1(a); *State v. Johnson*, 119 Wn.2d 167, 170-71, 829 P.2d 1082 (1992).

conference, his counsel first argued *any* instruction on contributory fault would have been improper. When the trial court correctly disagreed, Mr. Honegger's counsel then argued, as he did before this court, that contributory fault should not apply to damages attributable to the assault and battery claim, and suggested instructing the jury to that effect. The court refused the suggested instruction, which would have helped to avoid the error we identify today. Having failed to convince the trial court, first, to exclude entirely the issue of contributory fault, and, second, to limit the issue to the negligence claim, counsel then participated with the court in drafting a verdict form that reflected the court's earlier decisions.

■ Counsel's participation in this discussion, and his failure to propose a verdict form that would have conflicted with the court's earlier decisions, cannot be considered a waiver. Just as a party is not required to propose an instruction that (based on the court's earlier rulings) he knows would not be given, *Phillips v. Kaiser Aluminum & Chem. Corp.*, 74 Wn. App. 741, 753-54, 875 P.2d 1228 (1994), Mr. Honegger should not be required to propose a special verdict form that he knew the court would have rejected. The trial court refused Mr. Honegger's proposal to segregate damages between the intentional tort and negligence claims, and nothing more was required of him.

■ Finally, Yoke's refers to a reduction in damages based on contributory fault as "an offset" and argues that the new trial should be limited to the amount of "offset." That is impossible when there has been no allocation of damages between intentional tort and negligence claims. It is not possible to determine on what basis the jury reached the amount awarded as damages. The verdict could have been an award for damages sustained solely as the result of the assault and battery, or could reflect other injuries. The jury could have concluded all the damages resulted from the employees' actions, since Mr. Honegger was trying to escape further injury. Since we do not know the basis of the award and how it may have been compro-

mised by the contributory negligence instruction, the entire matter needs to be retried.

We remand for a new trial and direct the trial court to instruct the jury that contributory fault does not apply to intentional tort claims. We also direct the court to utilize a special verdict form that requires the jury to allocate Mr. Honegger's damages between the intentional tort and negligence claims, so that the contributory fault (if the new jury determines there is any) may be applied only to the negligence claims.

SCHULTHEIS, J., concurs.

SWEENEY, C.J. (dissenting) — Although it is true that Adam K. Honegger objected to the court's contributory fault instruction, he did not request a verdict form which would have required the jury to segregate his damages between his intentional and negligent causes of action. Had he done so, he would have eliminated the need for remand. The special verdict form he did propose did not require the jury to divide the total damage award between the intentional and negligent acts of Yoke's Washington Foods, Inc. Nor did Mr. Honegger object to the verdict form used by the court. The error he now claims was therefore invited. *Sdorra v. Dickinson*, 80 Wn. App. 695, 701-02, 910 P.2d 1328 (1996). I therefore respectfully dissent.

Reconsideration denied October 16, 1996.

Review denied at 131 Wn.2d 1016 (1997).