[No. 7198-3-II.   Division Two.   December 10, 1985.]

STEVEN D. MYHRES, ET AL, *Appellants,* v. MICHAEL A. MCDOUGALL, ET AL, *Respondents.*

*S. Brooke Taylor* and *Taylor & Taylor,* for appellants.

*C. Joseph Sinnitt* and *Sinnitt & Sinnitt, Inc.,* for respondents.

WORSWICK, C.J.—Two pickup trucks collided on a 1–lane, gravel logging road in Clallam County. Steven Myhres, the driver of one, sued Michael McDougall, driver of the other, alleging that McDougall's negligence proximately caused Myhres' personal injuries and property damage. McDougall denied Myhres' allegations, and counterclaimed for property damages, alleging that Myhres' negligence was the sole proximate cause of damages to both parties.

The case was tried to a jury. No evidence was presented to show that either party's damage was caused by a force other than the one collision described above. The court instructed the jury on negligence and contributory negligence. The instructions gave the jury four options: (1) to find for Myhres on his claim and against McDougall on his counterclaim; (2) to find for McDougall on his counterclaim and against Myhres on his claim; (3) to find for Myhres on his claim and for McDougall on his counterclaim; and (4) to find against Myhres on his claim and against McDougall on his counterclaim.

However, rather than giving the jury general verdict forms on which to express its choice of options, the court gave only one special verdict form. The jury returned the following completed form:

Question No. 1: Was the Defendant, Michael McDougall, negligent?
Answer: __Yes__ (Yes or No)

Question No. 2: If your answer to Question No. 1 is "yes", then answer both of the following: Was the negligence of the Defendant, Michael McDougall, a proximate cause of injury or damage to:

2A. The Plaintiff, Steven D. Myhres?
Answer:__No__ (Yes or No)
2B. The Defendant, Michael McDougall?
Answer:__Yes__ (Yes or No)

Question No. 3: Was the Plaintiff, Steven Myhres, negligent?
Answer:__Yes__ (Yes or No)

Question No. 4: If your answer to Question No. 3 is "yes", then answer both of the following: Was the negligence of the Plaintiff, Steven Myhres, a proximate cause of injury or damage to:
4A. The Defendant, Michael McDougall?
Answer:__No__ (Yes or No)
4B. The Plaintiff, Steven Myhres?
Answer:__Yes__ (Yes or No)

Myhres moved for a new trial or for judgment notwithstanding the verdict, contending that the verdict was inconsistent. He argued that the jury could not logically have found that each party's negligence proximately caused his own damage without finding that the same party's negligence also proximately caused the other's damage, because all damages resulted from one collision. The trial court denied the motion, stating that the jury had found against each party on his claim, and entered judgment on the verdict. We agree with Myhres that the verdict is inconsistent. We reverse and remand for a new trial.

■ In reviewing a verdict, we must try to reconcile the jury's answers to special interrogatories. *Van Cleve v. Betts,* 16 Wn. App. 748, 559 P.2d 1006 (1977). *See Spokane & I.E. R.R. v. Campbell,* 241 U.S. 497, 502, 60 L. Ed. 1125, 36 S. Ct. 683 (1916); *State v. Robinson,* 84 Wn.2d 42, 45–46, 523 P.2d 1192 (1974). However, if the verdict contains contradictory answers to interrogatories making the jury's resolution of the ultimate issue impossible to determine, we have no choice but to grant a new trial. *Blue Chelan, Inc. v.*

*Department of Labor & Indus.,* 101 Wn.2d 512, 681 P.2d 233 (1984).

In *Blue Chelan,* the jury was asked to decide whether a worker was totally and permanently disabled as a result of an industrial accident. The jury instructions, read as a whole, equated total and permanent disability with inability to obtain and perform gainful employment on a reasonably continuous basis. The jury was given a special verdict form containing several interrogatories. The jury's completed verdict form stated, in relevant part, that (1) the worker was not totally and permanently disabled (interrogatory 1), and (2) he was incapable of finding and performing gainful employment on a reasonably continuous basis (interrogatory 2), 101 Wn.2d at 513. The Supreme Court held that these statements were inconsistent, reasoning that as the two interrogatories asked essentially the same question, they could not logically be answered differently. The court therefore ordered a new trial.

*Blue Chelan* applies here. The answers to questions 2A and 2B are irreconcilable. The evidence established that both parties' damages were caused solely by one collision. There was no evidence of any other cause. Therefore, with regard to Myhres' claims, once the jury decided that McDougall was negligent, the only question was whether his negligence was a proximate cause of the collision. If the jury found that it was, McDougall's negligence must have proximately caused both his own and Myhres' damages. If the jury found that McDougall's negligence was not the proximate cause of the collision, then his negligence could not have been a proximate cause of either party's damages. The jury could not logically have found that McDougall's negligence was a proximate cause of his own damages without also finding that it was a proximate cause of Myhres' damages. However, the answers to questions 2A and 2B indicate that the jury did find the former without finding the latter.

Similarly, the jury answered questions 4A and 4B to the effect that Myhres' negligence was not the proximate cause

of McDougall's damages, but was the proximate cause of his own damages. These answers are as inconsistent as those to questions 2A and 2B. Myhres could not have caused his own damages without also causing McDougall's damages. Like the jury in *Blue Chelan,* the jury in this case answered both yes and no to the essential question, which in this case was whether either party's negligence was a proximate cause of the collision.

McDougall argues that the verdict simply reflects the jury's conclusion that neither party sustained his burden of proof. We disagree. The jury explicitly found, in answer to questions 1 and 3, that each party met his burden of proving the other negligent. By also finding that each party's negligence caused his injuries, the jury necessarily also found that his negligence was a proximate cause of the collision.

Further, the verdict does not reflect a determination that the parties were equally responsible for all damages. According to the contributory negligence instruction, if the jury had found the parties equally liable, it would have had to award each 50 percent of his damages. Because Myhres sustained far greater damages than McDougall, McDougall would have had to pay Myhres.

We do not suggest that the jury disregarded the court's instructions, or that it should have realized that its verdict was inconsistent. It was probably led astray by the inadequate contributory negligence instruction, which did not explain that the jury should consider whether each claimant was contributorially negligent *only if it first found that the other party's negligence was a proximate cause of the claimant's damages.*

The possibility of an inconsistent verdict might still have been avoided had the jury been asked to render general verdicts on the claim and counterclaim. We recognize that the verdict form was taken from a pattern form. *See* WPIC 45.08. However, the forms are not sacrosanct. They should not be used if they might tend to confuse the jury.

Reversed.

REED and PETRICH, JJ., concur.