[No. 10423–1–III.   Division Three.   March 19, 1991.]

DEBBIE LYNN NANIA, *Respondent,* v. PACIFIC NORTH-
WEST BELL TELEPHONE COMPANY, INC.,
*Appellant,* THE CITY OF SPOKANE,
*Respondent.*

*James B. King, Christopher Kerley,* and *Keefe, King &
Bowman,* for appellant.

*Roger A. Felice* and *Felice & Clayton; James C. Sloane,
City Attorney,* and *Robert G. Beaumier, Jr., Assistant,* for
respondents.

SHIELDS, A.C.J.—The jury found Pacific Northwest Bell's
(PNB) negligence was the proximate cause of Debbie

Nania's injury. The jury also found both the City of Spokane and Ms. Nania negligent but determined their negligence was not a proximate cause of the injury. From judgment entered on a unanimous verdict, PNB appeals. We affirm.

The jury returned its verdict on a special verdict form as follows:

First page:

We, the jury, make the following answers to the questions submitted by the Court:

1. Was there negligence by Pacific Northwest Bell?
ANSWER: Yes __x__ No _____
2. Was the negligence of Pacific Northwest Bell a proximate cause of injury or damage to the Plaintiff?
ANSWER: Yes __x__ No _____
3. Was there negligence by the City of Spokane?
ANSWER: Yes __x__ No _____
4. Was the negligence of the City of Spokane a proximate cause of injury or damage to the Plaintiff?
ANSWER: Yes _____ No __x__
5. What is the total amount of Plaintiff's damages?
ANSWER: __$200,000.00__
6. Was there negligence by the Plaintiff?
ANSWER: Yes __x__ No _____
7. Was the negligence of the Plaintiff a proximate cause of injury to the Plaintiff?
ANSWER: Yes _____ No __x__ [This line is handwritten.]

Second page:

QUESTION NO. 8: [Hand corrected over 5] Using 100% of the total combined negligence of the parties which contributed to the injury or damage to the plaintiff, what percentage of such negligence is attributable to each party?

| | |
|---|---|
| U.S. WEST, INC. (PACIFIC NORTHWEST BELL) | 70% |
| CITY | 10% |
| DEBBIE NANIA | 20% |
| TOTAL | 100% |

If your answer to question no. 1 is "no", you should write zero next to defendant, U.S. WEST (PACIFIC NORTHWEST BELL) name. If your answer to question no. 3 [hand corrected over 2] is "no", you should write zero next to defendant, CITY OF SPOKANE's name. If your answer to question no. 6 [hand corrected over 4] is "no" you should write a zero next to DEBBIE NANIA'S name. Your combined percentages of negligence must total 100 percent.

[signature]
FOREMAN

A special verdict form based on WPI 45.02 was proposed by Ms. Nania, but the first page combined questions 1 and 2 as question 1, questions 3 and 4 as question 2, and questions 6 and 7 as question 4, and was modified at the insistence of PNB. Separate questions were formulated for negligence and for proximate cause to replace the proposed questions. Question numbers on the second page were changed, apparently to correspond with those on the new first page. None of the parties objected to the modified special verdict form.

After the jury's verdict was read, PNB objected, claiming it was unclear whether the jury intended Ms. Nania and the City bear responsibility for the award according to their respective percentages of negligence. The trial court, when asked to do so, refused to question the jury as to its intentions, ruling the verdict was clear on who was negligent (all three) and whose negligence was a proximate cause of the injury (only PNB).

PNB contends the special verdict form was not defective, but argues the case must be remanded for a new trial because the jury's answers were irreconcilably inconsistent. *Blue Chelan, Inc. v. Department of Labor & Indus.*, 101 Wn.2d 512, 515, 681 P.2d 233 (1984); *Myhres v. McDougall*, 42 Wn. App. 276, 711 P.2d 1037 (1985). We disagree.

██ ██ Although the answer to question 8 on the second page of the special verdict form is arguably[1] inconsistent with the answers to question 4 and 7 on the first page, the answers to questions 1 through 7 are not inconsistent. The jury made the ultimate determination of proximate cause imposing liability upon PNB in answer to question 2. That makes question 8 and its answers surplusage. *See Department of Hwys. v. Evans Engine & Equip. Co.*, 22 Wn. App. 202, 209, 589 P.2d 290 (1978), *review denied,* 92 Wn.2d 1010 (1979). A finding of proximate cause is necessary for an allocation of fault with legal liability. *Ferrin v. Donnellefeld,* 74 Wn.2d 283, 285, 444 P.2d 701 (1968). The court correctly entered judgment based upon the jury's resolution of these issues of proximate cause. PNB was liable; the City and Ms. Nania were not.

██ The same result is required by the doctrine of invited error. That doctrine prohibits a party from setting up an error at trial and then complaining of it on appeal. *State v. Pam,* 101 Wn.2d 507, 511, 680 P.2d 762 (1984). PNB insisted on the modification of Ms. Nania's proposed special verdict form which resulted in the claimed inconsistency. The separation of one question dealing with both negligence and proximate cause into two questions also required correct modification of question 8 in one of two ways: First, to substitute "proximately caused" for "contributed to", which is apt in WPI 45.02 only when one defendant is involved or there is no issue of fact that *all* parties' negligence proximately caused, and thereby contributed to, the injury. Second, the handwritten corrections to question 8 could have been correctly done by referring to questions 2, 4 and 7, which were the proximate cause questions. Last minute amendments require careful checking.

---

[1]It would be arguable if "contributed to" means the same thing as "proximately caused", which it does not. *See Blasick v. Yakima,* 45 Wn.2d 309, 314–15, 274 P.2d 122 (1954); *see also* Comment, WPI 15.01.

All counsel, however, reviewed the revised form before it was submitted to the jury and there were no objections. PNB cannot now claim error, having invited it. *See also State v. Boyer*, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979).

We affirm the ruling and judgment of the trial court. Because retrial is not necessary, we do not reach the other issues raised by PNB and the City.

MUNSON and THOMPSON, JJ., concur.