[No. 15744-6-II.   Division Two.   January 25, 1995.]

YVONNE ALVAREZ, *Appellant*, v. FRANCIS L. KEYES,
*Respondent.*

*Roger Dunaway* and *Koch & Assoc.; Bertha Fitzer*, for appellant.

*Iro Lassman*, for respondent.

BRIDGEWATER, J. — Yvonne Alvarez appeals from a judgment based upon a defense jury verdict in a personal injury case, arguing the verdict was inconsistent. We reverse.

On December 12, 1989, Yvonne Alvarez and Francis L. Keyes collided in a 2-vehicle accident at the intersection of Kitsap Way and 11th Street in Bremerton, Washington. Keyes was driving eastbound on Kitsap Way, attempting to turn left onto 11th Street, when Alvarez, who was driving westbound on Kitsap Way, collided with the vehicle driven by Keyes.

Alvarez sued Keyes for personal injuries and property damage, alleging that Keyes negligently turned into the intersection when Alvarez entered the intersection on a yellow light and had the right of way. Keyes counterclaimed against Alvarez for property damage, alleging that Alvarez negligently entered the intersection on a red light when Keyes had the right of way on a green left-turn arrow.

The jury returned two special verdicts. Verdict form A posed the following question, with the jury responding as follows:

> QUESTION NO. 1: Was there negligence by the defendant [Keyes] which was a proximate cause of injury or damage to the plaintiff [Alvarez]?
> Answer: No

On verdict form B regarding Keyes's counterclaim, the jury answered as follows:

> QUESTION NO. 1: Was there negligence by the plaintiff [Alvarez] which was a proximate cause of injury or damage to the defendant [Keyes]?
> Answer: Yes

> . . . .

> QUESTION NO. 2: What is the total amount of the defendant's [Keyes's] damages?
> Answer: $1,537.70

> QUESTION NO. 3: Was there negligence by the defendant [Keyes] which was a proximate cause of the injury or damage to the defendant [Keyes]?
> Answer: Yes

> . . . .

> QUESTION NO. 4: Using 100% as the total combined negligence of the parties which contributed to the injury or damage to the defendant [Keyes], what percentage of such negligence is attributable to the defendant [Keyes]?
> Answer: 55%

Alvarez moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial, arguing that the

verdicts were legally and logically inconsistent. The trial court denied Alvarez's motion. Alvarez now appeals.

Alvarez argues that the jury's verdicts are inconsistent because Keyes cannot logically be 55 percent at fault for her own damages but not 55 percent at fault for Alvarez's damages. Basically, Alvarez argues that because this is a 2-car accident, the two verdicts should be a mirror image of each other, *i.e.*, since the jury found that Keyes was 55 percent negligent for her own injuries and Alvarez was 45 percent negligent for Keyes's injuries on the counterclaim, logically Keyes must also be 55 percent negligent for Alvarez's injuries and Alvarez 45 percent contributorially negligent for her own injuries. Keyes responds that the jury verdicts were consistent if one considers that the jury was considering two separate claims and, within each claim, the question of proximate cause. Appellant's argument is persuasive.

In reviewing a verdict, an appellate court must try to reconcile the answers to special interrogatories. *Myhres v. McDougall*, 42 Wn. App. 276, 278, 711 P.2d 1037 (1985). If the verdict contains contradictory answers to interrogatories making the jury's resolution of the ultimate issue impossible to determine, a court has no choice but to grant a new trial; an appellate court may not substitute its judgment for that which is within the province of the jury. *Myhres*, at 278; *Blue Chelan, Inc. v. Department of Labor & Indus.*, 101 Wn.2d 512, 514-15, 681 P.2d 233 (1984).

The special verdicts are patently inconsistent and cannot be reconciled. It is illogical that Keyes could be 55 percent negligent for her own damage to her car, but not negligent at all for the accident, where her duty of care is identical in both cases. Alvarez attempts to reconcile the verdicts by employing a fine distinction between Alvarez's *negligence* in causing the *accident* and Keyes's *contributory negligence* in helping to cause her *own injuries*. The confusion in this case stems from valid case law which is inapplicable to these facts.

In *Geschwind v. Flanagan*, 121 Wn.2d 833, 854 P.2d 1061 (1993), a truck passenger was injured when the truck crashed

into a telephone pole, and the passenger sought damages from the driver's estate. The passenger and the driver had been drinking together the entire evening at various bars, and both were drunk when the driver drove off the road and crashed. *Geschwind*, at 836. The jury's special verdict attributed 70 percent of the fault for the passenger's injuries to the passenger, but the Court of Appeals held that an intoxicated passenger cannot legally be responsible for more than 50 percent of his injuries. However, the jury's verdict was upheld by the Supreme Court, which described the distinction between negligence and contributory negligence as follows:

> The Court of Appeals concluded that there could be no distinction between causation of the "injuries" and causation of the "accident", because "all of appellant's injuries resulted from a single accident." This reasoning misunderstands the nature of contributory negligence. "A plaintiff's negligence relates to a failure to use due care *for his own protection* whereas a defendant's negligence relates to a failure to use due care *for the safety of others.*" *See also* W. Page Keeton et al., *Prosser and Keeton on Torts* § 65, at 451 (5th ed. 1984) ("Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered, which falls below the standard to which he is required to conform to his own protection.").

(Citations omitted.) *Geschwind*, at 838. Furthermore, when a person has voluntarily engaged in behavior which increases the risk of injury, he or she may be held to be predominantly liable for the injuries occurring as a result thereof. *Geschwind*, at 839. While a plaintiff's self-directed negligence may justify reducing his recovery in proportion to his degree of *fault*, the fact remains that such conduct, unlike that of a negligent defendant, is not tortious. *Seattle-First Nat'l Bank v. Shoreline Concrete Co*, 91 Wn.2d 230, 238, 588 P.2d 1308 (1978).

Here, in both verdict A, question 1 and verdict B, question 1, the jury determined that Alvarez failed to use due care for the safety of Keyes and that Alvarez *alone* caused the *accident*. The jury thus rejected Alvarez's claim and accepted Keyes's counterclaim.

In verdict B, questions 3 and 4, the jury apparently determined that Keyes as Plaintiff failed to use due care for her

*own protection* and that this failure helped cause her *own injuries* but *not* the accident and *not* Alvarez's injuries. Thus, in finding Keyes 55 percent contributorially negligent, the jury found that while Keyes legally had the right of way to turn on the green arrow, she failed to properly take steps for her own safety. The instructions to the jury in the case indicated that the rights of a favored driver entering an intersection are not absolute — there is still a duty to others. In the terms of the instructions which were given, "[a] green light is not a command to go".

The overwhelming rationale as to why these verdicts are inconsistent is that there is *one duty* which both parties had for the benefit of others and that was the duty of ordinary care to avoid a collision. There simply are no facts which give rise to a duty that Keyes had to herself which she violated that resulted in damage to her alone or aggravated her damages. A search of the record reveals no facts from which a duty can be articulated which pertained solely to the damages sustained by Keyes. Factors which show that the analysis is inapposite under *Geschwind* are as follows: (1) the damage to Keyes was solely to her property; (2) Keyes's counsel candidly admitted that her peccadillo was inattention; (3) Keyes was an active participant in the accident; (4) there is no duty imposed by law or by common law pertaining solely to Keyes to protect herself; (5) there was no fact that shows that Keyes did anything to cause or contribute to her own injury apart from her actions in the accident; and (6) there was no duty other than ordinary care in the instructions, and it was the same for both.[1]

An analogy may help illustrate the relationship between negligence on the part of the defendant and contributory negligence on the part of the plaintiff. In jurisdictions that recognize the "seatbelt defense" in personal injury suits brought by automobile passengers, damage awards are routinely reduced by a jury's finding that the passenger was contributorially negligent in failing to wear a seatbelt when

---

[1] It should be noted that the instructions, the law of the case, did not set forth any specific duty that Keyes could have violated, other than ordinary care.

required by law to do so.[2] However, in finding contributory or comparative negligence on the part of these passengers, the juries are not finding that the passengers caused the *accident*; rather, the juries are finding that the passengers so badly failed to exercise enough caution for themselves that they helped cause their *own injuries*. Similarly, the jury in *Geschwind* did not find that the passenger caused the accident but rather that the passenger so badly failed to exercise caution for himself by riding with an obviously drunken driver that the passenger helped cause his own injuries.

The same cannot be said in this case. Keyes is an active participant in the accident. Her violation of duty is not omission, but commission. She is a participant in the activity that resulted in the damage to herself and to the Plaintiff, Alvarez. Clearly, the jury found that Keyes was inattentive in entering the intersection. Thus, if she could have avoided the collision or lessened the damage to her automobile, then it must be equally applicable to the Plaintiff's claim. Thus, the verdicts are legally inconsistent.

Because we find the verdicts inconsistent and remand the matter for a new trial, we do not comment on the error assigned by Alvarez to the instructions. We do note that there should be evidence of a clear duty to exercise caution for oneself and evidence of a violation of that duty before contributory instructions are given.

We reverse and remand for a new trial.

HOUGHTON, A.C.J., and ALEXANDER, J. Pro Tem., concur.

---

[2]*See, e.g., Vonch v. American Standard Ins. Co.*, 151 Wis. 2d 138, 442 N.W.2d 598 (Ct. App.) (passenger's failure to wear seatbelt partially responsible for her injuries, warranting 50 percent reduction in damages), *review denied*, 150 Wis. 2d liii (1989); *Cullen v. Timm*, 184 Ga. App. 80, 360 S.E.2d 745 (1987) (passenger's failure to wear seatbelt held comparative negligence justifying jury's reduction of passenger's award to same amount of less-injured second passenger who was wearing his seatbelt).