IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| VICTORY LONNQUIST, an individual, | ) | |
| | ) | No. 73569-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| PATRICK M. KIBE, and "JANE DOE" | ) | |
| KIBE, husband and wife, both individually | ) | |
| and on behalf of their marital community | ) | UNPUBLISHED OPINION |
| composed thereof, | ) | |
| | ) | FILED: August 15, 2016 |
| Appellants. | ) | |
| | ) | |

BECKER, J. — In this personal injury action arising from a highway collision, the jury found the defendant was not negligent but also found that his "actions" caused the collision. The trial court concluded that these findings were inconsistent and granted the plaintiff's motion for a new trial. We reverse and remand for entry of a defense verdict. The plaintiff invited any error by proposing the confusingly worded verdict form, and in any event, a driver can cause a collision without being negligent.

Victory Lonnquist and Patrick Kibe were both traveling on Highway 18 in rainy weather on the night of the collision in September 2010. The speed limit was 60 miles per hour. Lonnquist was in the left-hand eastbound lane; Kibe was in the right-hand eastbound lane. The right front side of Lonnquist's sport utility

vehicle collided with the left front side of Kibe's sedan. An ambulance came and took Lonnquist to an emergency room. She was released several hours later.

Lonnquist sued Kibe for negligence. At trial, Lonnquist testified that Kibe flew past her on the right and slammed on his brakes when he neared a disabled vehicle that was parked on a gore point where an on-ramp joined the highway. According to Lonnquist, Kibe was approximately six to eight car lengths ahead of her when his car began to fishtail and spin. She testified that Kibe spun into her lane and "everything went black."

Kibe testified that because it was raining, he was driving approximately 45 miles per hour and with the flow of traffic in his lane. According to Kibe, his car was not in the lane in which Lonnquist was traveling when the collision occurred. He testified that his car swung into the lane in which Lonnquist was traveling only after she collided with him.

A Washington State Patrol Trooper who responded to the 911 call offered the opinion that Kibe "caused" the accident by crossing into the lane in which Lonnquist was traveling. An accident reconstruction expert who testified in the plaintiff's case similarly concluded, based on observation of the point of impact on each vehicle, that Kibe "came in front of" Lonnquist rather than Lonnquist "turning into" Kibe. Another expert witness testified on behalf of the defense that there was insufficient information to establish who lost control. None of the expert witnesses could determine the speed at which either vehicle was travelling, except to say that the deployment of Lonnquist's air bags meant that at

the point of impact, one of them must have been going at least 15 miles per hour faster than the other.

At closing, Lonnquist argued that the evidence showed she was overtaken by Kibe who lost control of his vehicle, fishtailed into her lane, and caused the crash. She asked the jury to award damages between $200,000 and $350,000. Kibe argued that the evidence showed he was driving safely and did not cause the accident. He suggested that if the jury awarded any damages at all, $30,000 was an appropriate award for an accident that caused no serious injuries.

The jury was given a set of instructions defining negligence, ordinary care, proximate cause, and damages according to standard pattern instructions. The verdict form, however, was nonstandard. A proper verdict form would have asked the jury to decide whether Kibe was negligent and, if so, whether his negligence was the proximate cause of damage to Lonnquist. See 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 45.21, at 422-24 (6th ed. 2012) (WPI); 6 WPI 45.24, at 435-36. Instead, the verdict form elicited the jury's response that Kibe and his "actions" caused the collision and the injuries—but also that he was not negligent. The jury found that Lonnquist's damages totaled $16,009.

> We, the jury, give the following answers to the questions submitted by the Court:
>
> 1. Did defendant Kibe cause the collision with Plaintiff Lonnquist's vehicle?
>    Yes  _X_     No ___
> 2. Was defendant Kibe negligent?
>    Yes ___     No _X_

3. Did the actions of Defendant Kibe proximately cause Plaintiff Lonnquist's injuries?

Yes __X__     No _____

If you answered "no" to Questions 1, 2, and 3, do not answer Question No. 4. Rather sign and return this form.

If you answered "yes" to Questions 1, 2, and 3, please answer Question 4.

4. What are plaintiff Victory Lonnquist's damages for the following?

| | |
|---|---|
| Lost Past Medical Expenses | $ 8765 |
| Future Medical Expenses | $ 4030 |
| Physical Injuries to Date | $ 0 |
| Physical Future Injuries | $ 0 |
| Past Emotional Distress | $ 3214 |
| Future Emotional Distress | $ 0 |

Kibe moved for entry of judgment for the defense. He took the position that the jury's answers amounted to a defense verdict because of the finding of no negligence. Lonnquist moved for a new trial. She took the position that the verdict form was "inherently inconsistent and cannot reasonably be interpreted one way or the other." The trial court ordered a new trial. Kibe appeals from that order.

An order granting or denying a new trial is not to be reversed except for an abuse of discretion. This principle is subject to the limitation that, to the extent such an order is predicated upon rulings as to the law, such as those involving the correctness of an instruction, no element of discretion is involved. A much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial. Lyster v. Metzger, 68 Wn.2d 216, 220, 412 P.2d 340 (1966).

Initially, Lonnquist claims Kibe's appeal is barred by the doctrine of invited error. She argues that because Kibe did not object to the confusing special verdict form, he invited any error flowing from its use.

The invited error doctrine prohibits a party from setting up an error at trial and then complaining of it through a motion for new trial or on appeal. Sdorra v. Dickinson, 80 Wn. App. 695, 702-03, 910 P.2d 1328 (1996); Nania v. Pac. Nw. Bell Tel. Co., 60 Wn. App. 706, 709, 806 P.2d 787 (1991).

In Nania, a jury determined a telephone company was negligent and that the company's negligence proximately caused the plaintiff's injuries. The company moved for a new trial, arguing that special verdict responses regarding the comparative fault of the plaintiff and a codefendant could not be reconciled with other answers on the form. The trial court denied the motion for a new trial and entered judgment for the plaintiff on the basis that the company had invited error by its approval of the verdict form. Nania, 60 Wn. App. at 709-10. This court affirmed.

Kibe did not propose the special verdict form, and he has not assigned error to it; rather, he has assigned error to the order granting a new trial. Because Kibe objected to the order granting a new trial, it cannot be said that he invited the error he now complains of.

The court granted a new trial on the basis of Lonnquist's argument that the jury's answers were inconsistent. But it was Lonnquist who proposed the nonstandard verdict form—causation first, negligence second—that practically guaranteed confusion. The form became further muddled by the directions that

assumed the jury had to give the same answer—yes or no—to questions 1, 2, and 3. Thus, it is Lonnquist who set up the error in the trial court and then complained of it through her motion for a new trial. With a standard verdict form, the first question would have elicited the jury's finding of no negligence, the jury would not have proceeded to answer questions about causation or damages, and this dispute would not have arisen. The trial court abused its discretion by failing to recognize that Lonnquist invited error.

The trial court also erred in its determination that "the jury's answers to the questions on the special verdict form are irreconcilable with the special verdict form itself and the court's instructions to the jury." When reviewing a verdict that appears to be inconsistent, a court must grant a new trial if contradictory answers to interrogatories make the jury's resolution of the ultimate issue impossible to determine. But when engaging in this type of analysis, a court must reconcile the jury's answers if possible and cannot substitute its own judgment for the judgment of the jury. Estate of Stalkup v. Vancouver Clinic, Inc., P.S., 145 Wn. App. 572, 586, 187 P.3d 291 (2008).

The trial court acknowledged that it is not logically inconsistent to find proximate cause but no negligence. The court reasoned, however, that the factual issue for the jury was "who ran into who." The court recalled the testimony by the expert defense witness who answered "yes" when asked: "If Mr. Kibe . . . lost control, he was the primary cause of the crash, correct?" Based on this testimony, the court concluded that the jury could not have found Kibe

6

caused the collision without also finding that Kibe was negligent, thus the finding of no negligence was inconsistent with the findings of causation.

The problem with the trial court's analysis is that the jury did not find that Kibe's *negligence* caused Lonnquist's damages. The jury found only that *Kibe* caused the collision and that his *"actions"* proximately caused Lonnquist's injuries. These two findings are not inconsistent with the finding that Kibe was not negligent. "The essential elements of actionable negligence are: (1) the existence of a duty owed to the complaining party; (2) a breach thereof; (3) a resulting injury; and (4) a proximate cause between *the claimed breach and resulting injury*." Pedroza v. Bryant, 101 Wn.2d 226, 228, 677 P.2d 166 (1984) (emphasis added). A finding of causation is significant only if it connects the injury to a defendant's negligence. Here, the jury found that Kibe was not negligent.

The finding that Kibe's *actions* proximately caused Lonnquist's injury does not demonstrate irreconcilable inconsistency. The jury could have found that Kibe lost control of his vehicle and skidded into Lonnquist's lane of travel without necessarily finding that he was driving carelessly. The skidding or loss of control of an automobile, without more, is not definitive evidence of negligence. Rickert v. Geppert, 64 Wn.2d 350, 355, 391 P.2d 964 (1964). Given Kibe's testimony that he was driving under the speed limit, the jury may have reasonably believed Kibe lost control of his vehicle due to weather conditions while still exercising ordinary care "to avoid placing himself or others in danger" and "to avoid a

7

collision."[1]

In summary, the plaintiff is not entitled to a new trial because she invited the error that her motion for a new trial complained of. The plaintiff is not entitled to a new trial for the further reason that the answers given by the jury are not logically inconsistent, nor are they inconsistent with the evidence. The trial court abused its discretion by giving the plaintiff the opportunity for a new trial.

The order granting Lonnquist's motion for a new trial is reversed. On remand, the trial court shall enter judgment for the defendant in conformity with the jury's finding of no negligence.

Reversed.

Becker, J.

WE CONCUR:

Cox, J.

_____

[1] "It is the duty of every person using a public street or highway to exercise ordinary care to avoid placing himself or others in danger and to exercise ordinary care to avoid a collision." Clerk's Papers at 165 (jury instruction).